**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **JEROME DAVID WHITE,** | |
| **Plaintiff,** | |
| v. | **Civil Action No.  AW-05-583** |
| **DETECTIVE JOHN DOUGANS,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OPINION

Plaintiff Jerome David White ("Plaintiff" or "White") brings a 42 U.S.C. § 1983 action against Defendants Prince George's County, Maryland ("PG County") and former PG County officer John Dougans ("Detective Dougans") (collectively "Defendants"), on the basis that White was arrested and incarcerated without probable cause in violation of his federal Fourth Amendment right to be free of unreasonable seizures, and in violation of Maryland state tort law.  Currently before the Court is Defendants' Partial Motion to Dismiss and/or in the alternative a Partial Motion for Summary Judgment [11] seeking to dismiss counts 1 through 5 of Plaintiff's First Amended Complaint.  The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. See Local Rule 105(6) (D. Md. 2004).  For the following reasons, the Defendants' aforementioned motion is granted.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant.  Joyce Wilkins ("Wilkins") had been robbed at knife point in the K-Mart parking lot in Clinton, Maryland by a dark complexion man in his twenties, 5'9", 160 pounds, wearing a light colored shirt who drove off in a Mercedes with a Virginia license plate.  The perpetrator took from Wilkins her black purse, including its

contents, her gold necklace, gold wedding band, and a cell phone.

On May 6, 2004, White, a medium complection male only 5'6" in height, was driving a Mercedes bearing Maryland license plates when he was stopped by two police officers in response to a lookout generated by the Wilkins robbery. White was frisked and photographed, and his car was searched for evidence of the robbery. No evidence of the robbery was found on White's person or in his automobile.

Detective Dougans conducted the investigation of the Wilkins robbery. Detective Dougans presented a photograph array to Wilkins which included the photograph of White taken on May 6, 2004. Wilkins was unable to positively identify White as her assailant. Nevertheless, Dougans had White formally charged with armed robbery of Wilkins and obtained a warrant for his arrest. On June 14, 2003, White was driving on Suitland Parkway when he was arrested on the warrant charges generated by Detective Dougans. On October 24, 2003, the criminal prosecution against White for armed robbery of Wilkins terminated in favor of White.[1]

White subsequently commenced this action in the Circuit Court for Prince George's County, Maryland, alleging five counts of state torts violations by PG County and its officer Detective Dougans. On February 10, 2005, Plaintiff filed a First Amended Complaint alleging state tort violations (counts 1-5) and a federal constitutional claim under § 1983 (count 6). The six counts in Plaintiff's First Amended

---

[1] In his complaint, Plaintiff alleges that the criminal prosecution terminated in his favor on February 24, 2004. However, according to this Court's review of the docket entry of the criminal prosecution, Plaintiff's criminal prosecution was terminated by entry of a nolle prosequi on October 24, 2003. Accordingly, the Court presumes that Plaintiff has alleged the incorrect date, and therefore the Court will presume that October 24, 2003 is the proper date that Plaintiff's criminal prosecution terminated.

2

Complaint consist of the following: Count I-False Arrest, Count II-Battery, Count III-False Imprisonment, Count IV-Malicious Prosecution, Count V-Maryland constitutional claim, Count VI-Federal constitutional claim. On March 1, 2005, Defendants removed this action from state court on the basis of a federal question. On March 8, 2005, Defendants filed the instant motion. The motion is ripe and an opinion is now entered.

## STANDARD OF REVIEW

In ruling upon the instant motion, the Court was presented with matters outside of the pleadings.[2] Accordingly, Defendant's motion will be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and of establishing, based on relevant portions of the record, that there is no genuine issues of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the movant has met this burden, the non-moving party may not rest on its pleadings, but must come forward with specific facts showing that evidence exists to support its claims and that there is

---

[2] In particular, Defendants have presented the Court with the affidavit of Lisa Sutton, a copy of a document entitled "Notice of Claims Against Employees and the County," and a copy of the nolle prosequi entry in State v. Jerome David White.

a genuine issue for trial. Id. While the non-moving party must do more than merely raise some doubt as to the existence of a fact, the moving party ultimately bears the burden of demonstrating the absence of all genuine issues of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party is entitled to have "all reasonable inferences" drawn in his favor. Felty v. Graves-Humphries Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

### DISCUSSION

In counts 1-5, Plaintiff brings suit against Defendants for both the common law tort of false arrest, battery, false imprisonment, malicious prosecution, and a state constitutional claim of an unreasonable seizure under Article 26 of the Maryland Declaration of Rights. Defendants seek summary judgment on these claims on the basis of Plaintiff's alleged noncompliance with the Maryland Local Government Tort Claims Act ("LGTCA"), MD. CODE ANN., CTS. & JUD. PROC. § 5-301, *et seq.*

Under the LGTCA, which applies to "all torts without distinction, including intentional and constitutional torts," Thomas v. City of Annapolis, 688 A.2d 448, 456 (Md. Ct. Spec. App. 1997); see also Ashton v. Brown, 660 A.2d 447, 466 n.19 (Md. 1995), "an action for unliquidated damages may not be brought against a local government or its employees unless [a specified form of notice] is given *within 180 days after the injury*." Cts. & Jud. Proc. § 5-304 (emphasis added). In Prince George's County, the "notice shall be given in person or by certified mail . . . by the claimant or the representative of the claimant, to the county solicitor or county attorney." Md. Code Ann., Courts & Jud. Proc. § 5-304(b)(2) (1998) Repl. Vol., 2001 Supp.).

The notice is a condition precedent to the right to maintain an action for damages, and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action.

Lanford v. Prince George's County, 199 F.Supp.2d 297, 302 (D. Md. 2002) (internal citations omitted). Under Maryland law, "strict compliance with the notice provisions of the LGTCA is not always required, substantial compliance may suffice." Moore v. Norouzi, 807 A.2d 632, 643 (Md. 2002); see also Faulk v. Ewing, 808 A.2d 1262, 1272 (Md. 2002) ("Substantial compliance requires some effort to provide the requisite notice and, in fact, it must be provided, albeit not in strict compliance with the statutory provision."). The notice requirement may be waived if the plaintiff can show good cause for failure to comply, and if the defendant can demonstrate prejudice therefrom. Md. Code. Ann., Cts. & Jud. Proc. §5-304(c).

As an initial matter, the Court notes that both the Complaint and the First Amended Complaint are silent with regard to notice. White therefore has failed to comply with the LGTCA's express requirement that "compliance with the notice provision should [have been] alleged in the complaint as a substantive element of a cause of action." Cts. & Jud. Proc. § 5-304(b)(1).

Despite White's failure to comply with LGTCA's express terms, the Court is well aware that the requirements of the LGTCA statute may be satisfied when there has been "such communication that provides the State requisite and timely notice of facts and circumstances giving rise to [a LGTCA] claim." Moore, 807 A.2d at 643. As previously mentioned, LGTCA allows for a written notice of a claim to be filed with the County Attorney within 180 days of the injury as a prerequisite for White to maintain his cause of action. The record shows that White was arrested on June 14, 2003 and his prosecution terminated on October 24, 2003. Although White's counsel submitted written notice to the County Attorney apprising him of an impending suit, such notice was not submitted to the County Attorney until June 14, 2004 — well beyond the filing such notice within 180 days of the arrest of White and the termination of his criminal

prosecution. Therefore, the notice received by PG County on June 14, 2004 was untimely.

In his response to Defendants' motion, White appears to suggest that unless Defendants affirmatively show prejudice, the Court may entertain the suit.[3] This argument lacks merit.

Under LGTCA, "unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, *upon motion and for good cause shown* the court may entertain the suit even though the required notice was not given." § 5-304(c) (emphasis added). The Defendants' burden to show prejudice does not arise until a plaintiff establishes "good cause" to justify the failure to comply with the notice requirement. Curtis v. Pracht, 202 F.Supp.2d 406, 414 (D. Md. 2002) (citing Martino v. Bell, 40 F.Supp.2d 719, 720 (D. Md. 1999)). Here, White has filed no motion for waiver of the notice requirement nor has he alleged facts demonstrating good cause for his failure to meet the notice requirement. Quite the contrary to showing good cause, the Court finds that the nature and extent of White's alleged injuries or damages were obvious when he allegedly sustained him. As such, White had no reason to delay beyond the 180 day time requirement to present the County Attorney with notice. Additionally, White has conceded that if the Court finds, as the Court does here, that he must show good cause for the delay prior to Defendants affirmatively showing that it has been prejudiced, then White does not oppose the dismissal of counts 1 through 5 of the First Amended Complaint.

---

[3] Specifically, White contends that he "does not oppose dismissal of Counts 1 through 5 of the Amended Complaint **if** the Court concludes that the Plaintiff must show good cause for the delay before the Defendants are required to affirmatively show that it has been prejudiced by lack of required notice." White also alleges that Defendants have "not asserted any case specific prejudice; no such prejudice could reasonably be argued since the government was, presumably, actively investigating the merits of the criminal case against the Plaintiff."

In sum, the Court finds that White failed to provide timely notice nor has he shown good cause to waive the notice requirement. Accordingly, counts 1 through 5 of White's First Amended Complaint are hereby dismissed.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Partial Motion to Dismiss and/or in the alternative a Partial Motion for Summary Judgment. Counts 1 through 5 of White's First Amended Complaint are hereby dismissed. An Order consistent with these rulings shall follow.

May 24, 2005 /s/
Date Alexander Williams, Jr.
United States District Judge